IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| A.G. EDWARDS & SONS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07-3260 ) |
| RICHARD MARCOLLA, DANIEL BARRY, THOMAS CUTRONE, KRISTA SAVAGE, JOYCE GLANZMAN, KAREN LOESCHEN, WILLIAM (RAMSEY) EASTERLING and GENE HARSHMAN, individuals, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Defendants' Motion to Compel Arbitration and Quash Deposition Notices or, in the Alternative, for Issuance of a Protective Order (d/e 33). Defendants ask the Court to enter an order compelling expedited arbitration before the Financial Industry Regulatory Authority (FINRA), staying the instant matter, and quashing deposition notices that Plaintiff served on Defendants. In the alternative, Defendants ask the Court to enter a protective order, limiting the scope of Defendants'

depositions. This Court has jurisdiction to consider these matters pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Motion is allowed, in part, and denied, in part.

## BACKGROUND

On Friday September 21, 2007, Defendants resigned from A.G. Edwards & Sons, Inc. (A.G. Edwards) and immediately began working for Merrill Lynch, Pierce, Fenner & Smith (Merrill Lynch). On Monday September 24, 2007, Plaintiff filed its Complaint (d/e 1) in the instant matter, along with a Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Order Permitting Expedited Discovery (d/e 5). After a hearing, U.S. District Judge Richard Mills denied Plaintiff's request for a temporary restraining order. Minute Entry, dated September 24, 2007.

After denying the request for a temporary restraining order, Judge Mills initially set the hearing on the request for a preliminary injunction for October 10, 2007. Transcript of Proceedings held September 24, 2007 (d/e 24), p. 69-71. Plaintiff's counsel then requested leave to conduct expedited discovery, specifically to conduct depositions on three-days notice. Id., p. 71-72. After some discussion regarding the number of depositions that would be taken, the parties agreed that the hearing on the request for a preliminary injunction

should be moved to early November to accommodate expedited discovery. Id., p. 72-74. At this point, the attorneys returned to the subject of expedited discovery. Defense counsel stated, "I'm always reasonable with discovery, and as long as the same rules apply for both parties, if we need to expedite discovery, we'll do it, and if we need to produce people for deposition, we'll do it. But I think it makes sense to go into November 5th, because we're never going to get 12 or 13 busy people for 19 depositions in a matter of a week or two." Id., p. 73. Plaintiff's counsel responded, "I would think five calendar days notice ought to be enough, but we can work these things out. We're going to have to work these things out. . . ." Id. Defense counsel stated, "I don't want to send a depo notice. Call me and we'll talk about a schedule," to which Plaintiff's counsel replied, "Sure." Id., p. 74. Given these representations, Judge Mills denied Plaintiff's request to compel expedited discovery as moot, noting that the parties agreed to expedite discovery. Text Order, dated September 24, 2007.

On October 2, 2007, Plaintiff noticed the depositions of each Defendant. Plaintiff attached to each deposition notice a document entitled "Schedule A," which sets out thirty-one categories of documents that Defendants are directed to bring to their respective depositions. Memorandum of Law in

Support of Defendants' Motion to Compel Arbitration and Quash Deposition Notices or, in the Alternative, for Issuance of a Protective Order (d/e 31), Ex. A. In a letter dated October 3, 2007, Defendants asked Plaintiff to enter into a Stipulated Order that would stay the instant matter, including discovery, and require the parties to request an expedited arbitration hearing. Motion to Compel, Ex. I. Plaintiff's counsel replied by e-mail, dated October 3, 2007, that under the circumstances, Plaintiff would proceed as ordered by Judge Mills and under the parties' agreed discovery schedule. Motion to Compel, Ex. J. Defendants then filed the pending Motion to Compel Arbitration and Quash Deposition Notices or, in the Alternative, for Issuance of a Protective Order.

ANALYSIS

Plaintiff is a broker-dealer within the meaning of § 15 of the Securities Exchange Act of 1934 and a member of FINRA.[1] Defendants are registered to sell securities pursuant to the rules of FINRA. Plaintiff filed a Statement of Claim with FINRA on September 24, 2007, and the parties acknowledge that, under FINRA regulations, they are required to arbitrate the ultimate merits of this dispute pursuant to the NASD Code of Arbitration Procedure for Industry

---

[1] FINRA was formerly known as the National Association of Securities Dealers, Inc. (NASD).

Disputes (NASD Code).² The parties agree that under the NASD Code, FINRA arbitration provides a forum only for permanent injunctive relief. However, in a dispute that is required to be arbitrated under the NASD Code, the Code expressly allows parties to seek temporary injunctive relief from a court of competent jurisdiction. Motion to Compel Arbitration, Ex. D, NASD Code § 13804(a)(1). "A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under the Code." Id., NASD Code § 13804(a)(2). The NASD Code includes the following requirement relating to the scheduling of a hearing on a request for permanent injunctive relief: "If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order." Id., NASD Code § 13804(b)(1).

In the pending motion, Defendants ask the Court to stay the instant matter, enter an order compelling the parties to submit to an expedited

---

²The parties agree that the NASD Code governs FIRNA arbitrations.

arbitration hearing as set out in NASD Code § 13804(b)(1), and quash the Notices of Deposition. Defendants concede, as they must, that the plain language of § 13804(b)(1) mandates expedited arbitration only in cases in which a court has issued temporary injunctive relief. Defendants assert, however, that FINRA will schedule expedited arbitration in the absence of a temporary injunction "when requested." Motion to Compel, ¶ 9. According to the Defendants, on October 4, 2007, Defense counsel spoke to a FINRA staff attorney, who confirmed that FINRA would schedule an expedited arbitration on Plaintiff's request for permanent injunctive relief within fifteen days of either (1) an agreement by the parties to proceed with such a hearing or (2) the entry of a court order requiring the parties and FINRA to proceed with the permanent injunction hearing within fifteen days. Id., ¶ 8.

Defendants raise numerous equitable arguments in support of their request for an order compelling expedited arbitration. The only statutory authority identified by Defendants, however, is the Federal Arbitration Act (FAA). 9 U.S.C. § 1, et seq. As the Seventh Circuit has recognized, "the FAA's purpose is not to provide special status for [arbitration] agreements. Rather, it makes 'arbitration agreements as enforceable as other contracts, but not more so.'" Volkswagen of America, Inc. v. Sud's of Peoria, 474 F.3d

966, 970 (7th Cir. 2007) (quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 n. 12 (1967)).  According to the Seventh Circuit, "[t]he Supreme Court has made clear that '[a]rbitration under the Act is a matter of consent, not coercion and the parties are generally free to structure their arbitration agreements as they see fit' . . . ."  Id. (quoting Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989)).  "[T]he federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." Volt Info. Scis., Inc, 489 U.S. at 476.

Defendants seek an order compelling expedited arbitration pursuant to NASD Code § 13804(b)(1). Significantly, § 13804(b)(1) does not provide for expedited arbitration unless a party has been granted temporary relief.  Thus, Defendants' request for an order compelling arbitration under § 13804(b)(1) is premature because no temporary injunctive relief has been ordered. Defendants fail to identify any other contractual obligation that would support compelled expedited arbitration under the present circumstances. Therefore, Defendants' request for an order compelling expedited arbitration must be denied; however, the Court denies the request without prejudice such that Defendants may raise the issue again should circumstances change.

Defendants argue that Plaintiff's attempts to take depositions violates the NASD Code. This argument is misplaced. The NASD Code provision upon which Defendants rely provides "Depositions are strongly discouraged in arbitration" and sets out "very limited circumstances" under which arbitration depositions will be permitted. Motion to Compel, Ex. H, NASD Code § 13510. The discovery allowed by this Court is not discovery within the arbitration, but rather discovery on the request for temporary injunctive relief that is properly before this Court. Discovery in the instant matter is governed by the Federal Rules of Civil Procedure, and Defendants fail to identify any agreement by the parties to modify these rules as they relate to this case. There is no basis for the Court to quash Plaintiff's Notices of Deposition, and the Court turns to Defendants' alternate request for relief.

In the alternative, Defendants seek a protective order limiting the scope of discovery to topics necessary to the Motion for Preliminary Injunction. The parties agreed, in open court, to engage in expedited discovery, specifically depositions, prior to the hearing on the request for a preliminary injunction. At the parties' request, Judge Mills scheduled the hearing on the Motion for Preliminary Injunction at a time that would allow for such discovery. Under the circumstances of the instant case, expedited discovery depositions are

warranted. The scope of this discovery, however, is properly limited to matters relevant to Plaintiff's request for preliminary injunctive relief. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." ). Under Fed. R. Civ. P. 26(c)(4), in order to protect a party or person from undue burden or expense, the Court may enter an order providing that certain matters not be inquired into or that the scope of the disclosure or discovery be limited to certain matters.

Defendants challenge Plaintiff's discovery requests generally as over broad. Defendants assert that the document requests contained in Schedule A far exceed that necessary to aid in preparation for the hearing on the preliminary injunction. Defendants raise specific challenges to the categories of documents set out in Schedule A, ¶¶ 26, 27, and 28, asserting that this information is irrelevant to the instant proceeding. The Court agrees that the documents sought in ¶ 26 are irrelevant to Plaintiff's request for preliminary relief. The documents sought in ¶ 26 relate to the terms of Defendants' employment with Merrill Lynch and are not related to the theories advanced

by Plaintiff in its request for injunctive relief. Thus, the request for a protective order is allowed in this respect, and Plaintiff is barred from conducting discovery relating to the documents set out in ¶ 26. Paragraphs 27 and 28, however, request information that may be relevant at the very least to Plaintiff's assertion that it is entitled to injunctive relief under a "raiding" theory. Thus, Defendants' request for a protective order is denied as it relates to these two paragraphs. Although Defendants did not raise specific objections to the remaining paragraphs, the Court has reviewed them for relevancy. Based on this review, the information requested in ¶ 17 does not appear to be relevant for the same reasons that apply to ¶ 26, and Plaintiff is barred from inquiring into these documents. Thus, Defendants' request for a protective order is allowed as it relates to ¶¶ 17 & 26 of Schedule A. It is denied in all other respects.

THEREFORE, Defendants' Motion to Compel Arbitration and Quash Deposition Notices or, in the Alternative, for Issuance of a Protective Order (d/e 33) is ALLOWED, in part, and DENIED, in part. Defendants' request to stay the instant matter and for an order compelling expedited discovery is denied without prejudice. Defendants' request for a protective order is allowed as it relates to information relating to documents set out in ¶¶ 17 & 26

of Schedule A that is attached to Plaintiff's Notices of Deposition, and denied in all other respects.

Also before the Court is Defendants' Motion to Stay Responsive Pleading Deadline (d/e 38).  For good cause shown, Motion (d/e 38) ALLOWED.  Defendants to answer or otherwise plead on or before October 23, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:   October 17, 2007

        FOR THE COURT:

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE