IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| A.G. EDWARDS & SONS, INC., ) <br> a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RICHARD MARCOLLA, DANIEL ) <br> BARRY, THOMAS CUTRONE, ) <br> KRISTA SAVAGE, JOYCE GLANZMAN, ) <br> KAREN LOESCHEN, WILLIAM ) <br> (RAMSEY) EASTERLING and GENE ) <br> HARSHMAN, individuals, ) <br> ) <br> Defendants. ) | No. 07-3260 |

## ORDER GRANTING PRELIMINARY INJUNCTION

RICHARD MILLS, U.S. District Judge:

Following the Hearing on the Motion of Plaintiff A.G. Edwards & Sons, Inc. for a Preliminary Injunction, it is **ORDERED, ADJUDGED** and **DECREED:**

1. Subject to paragraph six(6) of this Order, a preliminary injunction is issued immediately. The Plaintiff shall post security in the

amount of $50,000.00 no later than November 13, 2007.

2. Defendants and all those acting in concert with them, including but not limited to the directors, officers, employees and agents of their new employer, Merrill Lynch, are preliminarily enjoined and restrained, directly or indirectly, from:

> (a)(i) soliciting the employment of any Edwards' employee or broker, (ii) hiring any Edwards employee or broker, (iii) inducing any Edwards employee or broker to leave the employ of Edwards, and (iv) taking any action to assist Merrill Lynch or any other entity employing Defendants from soliciting, inducing or hiring any employee or broker to leave Edwards; and

> (b) using, disclosing or transmitting for any purpose not permitted under the terms of the Protocol for Broker Recruiting attached as Exhibit "A" to the Saunders Affidavit filed by Plaintiff ("Broker Protocol") any confidential or proprietary information belonging to or concerning Edwards, its customers or employees, including but not limited to the (i) names, addresses, social security numbers, phone numbers, financial information, investment objectives and account information of Edwards' clients; (ii) the names, salaries, production and other business information regarding Edwards' brokers and employees; and (iii) other confidential information, trade secrets and commercially sensitive materials of Edwards.

3. Defendants, and all those acting in concert with them, including but not limited to the directors, officers, employees and agents of Merrill

Lynch, are further ordered to return to Edwards or its counsel all records, documents and/or information in whatever form (whether original, copied, computerized or handwritten), pertaining to Edwards' customers, employees, and business, and purge all documents and information derived therefrom from the possession, custody and control of Defendants within 24 hours of notice to Defendants or their counsel of the terms of this Order; provided, however, that any information so purged shall be first printed and returned to Edwards pursuant to this paragraph; excluded from any provision of this Order are those records and documents solely relating to Defendants' personal account(s) and those provided directly to Defendants by a customer after Defendants' resignation from Edwards.

4. This preliminary injunction order is binding upon Defendants and those in active concert or participation with them who receive actual notice of this Order, including their agents, servants, or any entity with which they are employed or affiliated;

5. Nothing in this Order shall prevent Defendants or anyone acting on their behalf or in concert with them from possessing or using

3

information related to Edwards' customers consistent with the terms of the Broker Protocol;

6. Nothing in this Order shall prevent persons other than Defendants, such as their new employer Merrill Lynch and any employees or agents of Merrill Lynch, from soliciting, inducing or hiring any employee or broker to leave their employment with Edwards provided that such solicitation, inducing or hiring occurs without the aid or assistance of Defendants;

7. This Order shall remain in full force and effect until such time as FINRA enters an order continuing, dissolving or modifying such preliminary restraints;

8. The parties are directed to proceed with arbitration in accordance with Rule 13804 of the NASD Code of Arbitration Procedure for Industry Disputes;

9. The parties shall not be permitted to conduct additional discovery in this case, but are free to conduct discovery in arbitration as permitted by the Rules of FINRA; and

10.   All further proceedings in the above-captioned case shall be stayed upon the Plaintiff's posting of the security bond.  The proceedings shall remain stayed pending the outcome of the arbitration before FINRA.

SO ORDERED by this Court this 7th day of November 2007.

                                               s/Richard Mills
                                               United States District Judge